


UNITED STATES DISTRICT COURTS
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,
Plaintiff

vs.

ANTHONY LAMBOY,
Defendant

Case No. CR-06-0266-04 CRB

PETITION FOR MODIFICATION OF CONDITIONS OF SUPERVISED RELEASE
PURSUANT TO 18 U.S.C. SECTION 3583(e)(2)

COMES NOW, Anthony Lamboy, Defendant in the above referenced case, in proper person, and respectfully petitions this Hon. Court for an Order modifying the conditions of his previously imposed term of supervised release, pursuant to 18 USC 3583(e)(2). We ask the Court to liberally construe this motion.

The instant motion is based on the following:

Defendant and several co-defendants were charged in this case with violations of the federal drug statutes, which resulted in several guilty pleas. For his part, Defendant was sentenced by this court to an imprisonment term of 120 months, which is to be followed by a term of five years' supervised release. As part of the terms of each of the defendants' supervised release, this Court ordered that defendants were not to have contact with one another.

Named as one of the Defendant's co-defendants in the case at bar was Devon Williams ("Williams"). Like Mr. Lamboy, Williams accepted responsibility for her part in the case and was sentenced to a term of imprisonment -- albeit, a term much shorter than Defendant's. During her stay in the custody of the Federal Bureau of Prisons ("BOP"), Williams proved herself to be a model prisoner, and even completed the BOP's Residential Drug Abuse Program ("RDAP") before being released from confinement. Subsequently, Williams satisfied the terms of her supervised release to the point in which she was actually awarded an early release from supervision on account of her good behavior and positive accomplishments.

Since the imposition of his respective sentence, Defendant has proven himself to be committed to rehabilitation. For one, by virtue of his good behavior, Defendant has been decreased in security classification levels to that of the "minimum level" and he is personally housed at Talladega Federal Prison Camp, Alabama. Second, Defendant is presently enrolled and participating in the RDAP, per this Court's recommendation. Third, and a most salient point, in his seven years of incarceration, Defendant has not incurred a single disciplinary report.

Williams and Defendant have one thing in common: The Court's judgment's had the desired effect of changing them to the point whereby they have shown they have indeed changed.

Williams and Defendant have much more in common, as well. They became friends long ago in 1999, six years before the inception of this case. Their friendship later blossomed into a romantic relationship. While the two (obviously) made poor decisions that led to the charges and convictions of this case, Williams and Defendant cared very much for one another and were even intending on getting married. This case derailed those plans.

The Court's imposed supervised release term of no contact between co-defendants is now having the unintended consequence of keeping two rehabilitated adults from enjoying a relationship with each other. Defendant asks that the Court modify the terms of his supervised release so as to reflect that he can indeed have contact with Williams.

Defendant's request is supported by both Ninth Circuit precedent and statutory authority. "[E]ither party is free to request that the court modify the conditions of supervised release." United States v. Quizon, 643 F. 3d 1268, 1274 (9th Cir. 2011)(citation omitted). Indeed, Rule 32.1 of the Fed. R. of Cr. P., Advisory Committee Notes, recognizes, "conditions should be subject to modification, for the sentencing court must be able to respond to changes in the probationer's circumstances as well as new ideas and methods of rehabilitation." See also, United States v. Gross, 307 F. 3d 1043, 1044 (9th Cir. 2002)(noting that 3583(e) allows "a sentencing court...to respond to changes in the defendant's circumstances that may render a previously imposed condition of release either too harsh or inappropriately tailored".)

In this case, when the Court initially sentenced the defendants, the condition that they have no contact with each other seemed reasonable insofar was the court could not know if the penalties imposed would have the desired effect of convincing the defendant to end their criminal ways. However, both Defendant and Williams, to be sure, have demonstrated, unequivocally, that they have in fact changed. Williams has shown this by completing her term of incarceration and subsequent term of supervised release without any incident whatsoever. Defendant has shown this by his model behavior; his reduction in security classification; present enrollment in RDAP; the numerous courses he has completed, which have been brought to the court's attention when he previous sought to have the presentence investigation report amended; and his flawless disciplinary record. This change in circumstances -- intense self-rehabilitation -- serves as a ;legitimate basis for giving reconsideration to term of supervised release that precludes Defendant from having contact with Williams.

For these reasons, Defendant respectfully asks that the Court grant the requested relief in the interests of fairness.

Dated: 6·18·15

Respectfully Submitted,

/s/ A. Lamboy

Anthony Lamboy
Register No. 93623-11a
Federal Prison Camp - Talladega
P. O. Box 2000
Talladega, Alabama 35161